UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SAMUEL J. SMOLEN, JR.,

                              Plaintiff,

                                                    DECISION AND ORDER

          -v-                                       11-CV-6434 CJS

C.O. ROBERT K. DILDINE, et al.,

                              Defendants.

## INTRODUCTION

This is an action pursuant to 42 U.S.C. § 1983 in which prison inmate Samuel

Smolen   ("Plaintiff")  alleges  that  staff  members  at  Southport  Correctional  Facility

("Southport") violated his federal constitutional rights in August 2008.  Now before the

Court is the *pro se* Plaintiff's letter application for preliminary injunctive relief, dated

October 31, 2011 (Docket No. [#4]).  The application is denied.

## BACKGROUND

On or about August 31, 2011, Plaintiff commenced the instant action.[1]  The

Complaint [#1] alleges that on August 27, 2008, corrections officers at Southport assaulted

Plaintiff in his cell while he was handcuffed behind  his back, in retaliation for grievances

that he had filed.  Plaintiff alleges that other corrections officers failed to intervene in the

assault, and that medical staff failed to accurately record his injuries.  He further blames

Southport's Superintendent and Deputy Superintendnet for failing to prevent the attack,

---

[1] The complaint is dated August 20, 2011, and was filed on August 31, 2011.  The exact date of filing,
to be determined under the prison "mailbox rule," is unclear. *See, Hicks v. LeClair*, No. 9:07-CV-0613 (JKS),
2008 WL 5432217 at *3, n. 1 (N.D.N.Y. Dec. 30, 2008) ("Under the 'mailbox rule,' a[n inmate's filing] is
deemed filed on the date he delivers the application to the prison authorities for mailing.") (citations omitted).

after he warned them that he was being threatened by staff.  Following the alleged attack,

Plaintiff was issued a misbehavior report, which accused him of having attempted to spit

on staff.[2]  Plaintiff was found guilty of the charge, and he is also suing DOCCS staff who

were involved with his disciplinary hearing.  Included in the Complaint are demands for

injunctive relief, including injunctions forbidding DOCCS from housing Plaintiff at Southport

during the remainder of his sentence, and directing DOCCS to install "color recording video

cameras" in all areas of all of its correctional facilities.

When Plaintiff commenced this action he was housed at Elmira Correctional Facility

("Elmira").  Subsequently, he was found guilty at a disciplinary hearing of mailing a

threatening letter to a relative,[3] and sentenced to six months in SHU.  Plaintiff has now

been transferred back to Southport to serve that SHU sentence.  On November 2, 2011,

the Court received a letter from Plaintiff, informing it of his transfer to Southport, and

requesting injunctive relief.  Specifically, Plaintiff seeks an injunction preventing DOCCS

from housing him at Southport.  In support of the application, Plaintiff indicates that he is

in danger at Southport, since he is presently suing Southport staff.  On this point, he states:

> My life, health and welfare are in extreme danger by the DOCCS placing me
> back in Southport C.F. when the very defendants [in one of my lawsuits, who
> are employed at Southport] were recently served with my summons and
> complaint[.]  . . .  Our state and federal constitutions would never enforce a
> requirement for a plaintiff to be housed in the home of defendants in this
> lawsuit where such defendants can retaliate against the plaintiff and are in
> direct control over the safety and welfare of the plaintiff.  . . .  In addition my
> current health problems cannot be adequately addressed in this facility.  . .
> .  [DOCCS] is also jeopardizing my health and health needs by not placing

[2]From Plaintiff's papers, it appears that Defendants maintain that their use of force against him on August 27, 2008 was in response to Plaintiff attempting to spit on corrections officers.

[3]Plaintiff admitted writing to the relative, but denied making threats.

me in an SHU that has a regional medical center as part of that prison complex, such as what exists at Fishkill C.F. . . .  It should be noted that I was showered with feces-urine and a caustic substance by an inmate porter the last time I was in Southport C.F. as well as having been assaulted - had my reading glasses broken and denied food and drink by yet another inmate porter.

Pl. Letter Motion dated October 31, 2011.

## DISCUSSION

The standard to be applied when considering an application for a preliminary injunction is well settled:

> A party seeking a preliminary injunction ordinarily must show: (1) a likelihood of irreparable harm in the absence of the injunction; and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor.  When the movant seeks a 'mandatory' injunction-that is, as in this case, an injunction that will alter rather than maintain the status quo-she must meet the more rigorous standard of demonstrating a 'clear' or 'substantial' likelihood of success on the merits.

*Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir. 2008) (citations omitted).  Violation of a constitutional right is considered "irreparable harm." *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir.1996) ("The district court . . .  properly relied on the presumption of irreparable injury that flows from a violation of constitutional rights."); *see also*, *Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir.1998) ("In the context of a motion for a preliminary injunction, violations of First Amendment rights are commonly considered irreparable injuries.") (citation and internal quotation marks omitted).  However, the alleged irreparable harm must be "actual and imminent," not "remote or speculative." *Forest City Daly Housing, Inc. v. Town of North Hempstead*, 175 F.3d 144, 153 (2d Cir. 1999) ("Irreparable harm is "injury that is neither remote nor speculative, but actual and imminent and that cannot be

remedied by an award of monetary damages.") (citation and internal quotation marks omitted)  Moreover, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker*, No. 00-CV-0912E(SR), 2006 WL 618576 at *3 (W.D.N.Y. Mar. 10, 2006) (citation omitted); *accord, Taylor v. Rowland*, No. 3:02CV229(DJS)(TPS), 2004 WL 231453 at *2-3 (D.Conn. Feb. 2, 2004).

Here, Plaintiff contends that he is entitled to an injunction transferring him out of Southport, for essentially two reasons: First, he is afraid that he may suffer retaliation, because he is currently suing staff at Southport; and, second, he contends that Southport does not have adequate medical facilities.  At the outset, it is clear that prison inmates have no constitutional right to be housed in a particular correctional facility. *See, Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538 (1976) ("Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose.").  Plaintiff nevertheless maintains that he ought to be transferred out of Southport, because it is likely that he will suffer retaliation for his bringing of lawsuits against Southport staff.  However, Plaintiff's concern on this point, even if sincere, is speculative, and is therefore not sufficient to establish irreparable harm. *See, Salvatierra v. Connolly*, No. 09 Civ. 3722(SHS)(DF), 2010 WL 5480756 at *24 (S.D.N.Y. Sep. 1, 2010)  ("Plaintiff's general fear of future retaliation by Defendants is too speculative to warrant injunctive relief.") (citation omitted), report and recommendation adopted by 2011 WL 9398 (S.D.N.Y. Jan. 3, 2011); *Ward v. LeClaire*, No. 9:07-CV-0026 (LEK/RFT), 2007 WL 1532067 at *2 (N.D.N.Y. May 24, 2007) ("Plaintiff's request for injunctive relief

against future threats or harassment by inmates and/or prison officials is too speculative to meet the irreparable harm requirement.  Although Plaintiff claims that he will face future threats and harassment, Plaintiff cannot claim with any certainty how, when, or where he will be retaliated against, or that the retaliation will result in irreparable harm to Plaintiff.") (citation omitted).  As for Plaintiff's contention that Southport does not have adequate medical facilities, he again has not shown that he will suffer irreparable harm if he is not transferred.  Plaintiff's statements, concerning both his medical condition and Southport's medical facilities, are vague and conclusory. *See*, Pl. Letter Motion dated October 31, 2011 at p. 2 ("My current health problems cannot be adequately addressed in this facility.").  Accordingly, the Court finds that Plaintiff has not made a sufficient showing to warrant injunctive relief.

## CONCLUSION

For the foregoing reasons, Plaintiff's application for preliminary injunctive relief [#4] is denied.

SO ORDERED.

Dated:      December 2, 2011
            Rochester, New York

                                        /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Judge